UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ALAN CALDWELL, | ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| CAPT. PAM FREEMAN; COFFEE COUNTY SHERIFF'S DEPT.; NURSE KAYRON BOWEN;[1] SHERIFF STEVE GRAVES, | ) ) ) ) | No. 4:07-cv-6 *Mattice* |
| *Defendants.* | ) | |

## MEMORANDUM

Alan Caldwell ("Plaintiff") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 1, Attachment #2). Plaintiff brings suit against Capt. Pam Freeman, Coffee County Court Sheriff's Department, Nurse Kayron Bowen, and Sheriff Steve Graves. Plaintiff alleges Defendants violated his constitutional rights when they exposed him to unconstitutional jail conditions. Specifically, Plaintiff challenges jail conditions and the handling of his child support case. For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Court File No. 1, Attachment #2) and Defendants' motion to dismiss (Court File No. 10) will be **GRANTED**.

## I. Non-Dispositive Motions

Plaintiff filed a motion for counsel (Court File No. 12) and an indecipherable motion to show cause (Court File No. 13) which is a rambling dissertation of his medical history and the history of his treatment during incarceration. The complaint is being dismissed for the reasons explained

---

[1] The Court has substituted the name Kayron Bowen for the incorrectly named defendant, Karen Owen, in the complaint. The Clerk is **DIRECTED** to make the appropriate change in the Court file.

1

below. Accordingly, Plaintiff's motions for counsel and to show cause will be **DENIED** (Court File Nos. 12 & 13).[2]

## II. Standard of Review

### A. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995).

Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). A complaint must give the defendants fair

---

[2] The Court treated Plaintiff's motion to show cause as his response to the Defendant's motion to dismiss.

notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Section 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

### B. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)(2). *See In re Tyler*, 110 F.3d [528], 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not

    prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### III. Facts

Plaintiff's complaint is difficult to decipher and confusingly pled. Although the Court is able to discern some § 1983 claims from Plaintiff's complaint, the Court observes that Plaintiff has also included complaints about the handling of his child support case. Plaintiff's claims as to his child support case will be dismissed, as he makes no allegations against any of the named Defendants in relation to his child support case.

Plaintiff makes several complaints about the conditions in which he is housed. First he complains that while serving a 30-day sentence, presumably for failure to pay child support, he was initially housed in Cell #6 with the most violent inmates. While housed in Cell #6 Plaintiff witnessed the brutal beating of an inmate by four gang members. However, when Plaintiff reported the incident to jail officers the victim denied the beating. Plaintiff states that after being removed from Cell #6 he became very disoriented because he did not have his medication for his schizoaffective - type depression. Plaintiff contends there was no nurse to administer his medication and he did not receive any of his medications for approximately two weeks.

Although Captain Pam Freeman granted Plaintiff's request that he be housed in maximum security instead of returning him to Cell #6, Plaintiff complains that he was exposed to thick smoke from cigarettes and burning toilet paper while housed in the maximum security unit of Coffee County Jail, a non-smoking facility. Plaintiff claims his exposure to this smoke caused him respiratory problems. In addition, he complains that he was not given sheets or a good blanket for

his mattress and was only issued one small bar of soap and a small tube of toothpaste.

Plaintiff contends the serving of meals was performed in a very unsanitary manner because the ice tea pitcher spout touched each inmate's cup. Plaintiff also makes a general complaint that inmates do not have access to 24 hour emergency services and neither a doctor nor nurse are available to administer immediate medical treatment. According to Plaintiff, there is no medical help provided for inmates in emergency situations unless they are bleeding, at which time they are transported to the county hospital.

In his prayer for relief Plaintiff requests the Court to prevent Coffee County from trying him "on these issues in the future, because of my ex-wifes strong family ties to government services" (Court File No. 1, Attachment #2).

**IV.    Exhaustion of Administrative Remedies Pursuant to  42 U.S.C. § 1997(e)**

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit:

> 1997e.  Suits by prisoners
>
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e. The Sixth Circuit has adopted several procedural rules designed to implement this exhaustion requirement and facilitate early judicial screening. As originally promulgated, these rules required a prisoner to allege and demonstrate exhaustion in his complaint; permitted suit only against

5

defendants who were identified by the prisoner in his grievance; and required courts to dismiss the entire action if the prisoner failed to satisfy the exhaustion requirement as to any single claim in his complaint.

Relying upon this Sixth Circuit precedent existing at the time Plaintiff's complaint was filed, Defendants assert Plaintiff's complaint should be dismissed because "Plaintiff has not demonstrated that he has exhausted his administrative remedies, and that he has therefore failed to state a claim on which relief may be granted and his Complaint must be dismissed. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002)...." (Court File No. 11, at 2). Defendants, relying upon *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), also contend Plaintiff's complaint must be dismissed because he failed to attach a copy of his grievance showing the administrative disposition of the claims raised in his complaint.

Defendants' reliance upon procedural rules previously adopted by the United State Court of Appeals for the Sixth Circuit in its case law is misplaced as these rules were recently abrogated by the Supreme Court of the United States in their January 22, 2007 decision in *Jones v. Bock*, 127 S.Ct. 910 (2007). In that case,, the Supreme Court concluded the judicially created rules of the Sixth Circuit Court of Appeals are not required by the PLRA and that crafting and imposing the rules exceeded the proper limits on the judicial role. Specifically, the Supreme Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.* at 919. The Court also held "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."*Id*. at 923. Finally, the Supreme Court held that a complaint containing both exhausted and unexhausted claims should not be dismissed in its entirety but rather, the district court

6

should proceed with the exhausted claims while dismissing the unexhausted claims. *Id.* at 923-25.

Based upon the Supreme Court's ruling in *Jones*, the Defendants motion to dismiss for failure to exhaust administrative remedies is **DENIED,** as they have not demonstrated that Plaintiff actually failed to exhaust his administrative remedies.

Defendants raise two other arguments for dismissal, however, which, as explained below, do entitle them to relief. Although the PLRA requires that inmates exhaust "such administrative remedies as are available" before filing suit challenging prison conditions under § 1983, *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997), 42 U.S.C. § 1997(e)(c)(2) allows the Court to dismiss the underlying claim without first requiring the exhaustion of administration remedies if the claim is facially frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

## V.     Identity of Defendants

### A.     Coffee County Sheriff's Department

Plaintiff has named the Coffee County Sheriff's Department as a defendant. Since the Coffee County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983, Coffee County is the proper party to address the allegations of this complaint. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (Proper party to address a complaint against the Jefferson County Police Department is Jefferson County since the police department is not an entity which may be sued). The County may be held liable for plaintiff's injuries only if those injuries resulted from an unconstitutional policy or custom of the County.

Plaintiff has neither alleged in his complaint nor presented any evidence in response to the motion to dismiss that any Coffee County policy, regulation, or custom was the moving force behind

7

any alleged constitutional violations. Because Coffee County cannot be held liable for any alleged constitutional violation by its Sheriff, Sheriff deputies, or jail employees in the absence of some policy or custom, the Court concludes Caldwell has wholly failed to state facts giving rise to a constitutional violation under § 1983, and defendant's motion to dismiss as to the Coffee County Sheriff's Department will be **GRANTED**.

B.  **Coffee County Employees**

The Plaintiff has also named Coffee County Sheriff Graves ("Sheriff Graves"), Coffee County Captain and Administrator Pam Freeman ("Captain Freeman"), and Coffee County Nurse Kayron Bowen ("Nurse Bowen") as Defendants. Plaintiff has failed to identify in what capacity he has sued these Defendants  The complaint does not indicate whether Defendants are being sued in their official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub,* 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown,* 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner,* 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells,* 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendants that they are being sued as individuals. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff failed to specify in his complaint that he was suing any of the Defendants as individuals, rather than in their official capacity. Indeed, these Defendants are identified in the style of the case with their official titles. Plaintiff does not seek monetary damages,[3] but rather requests the Court to prevent Coffee County from trying him "on these issues in the future, because [his] ex-wifes strong family ties to government services." (Court File 8-2, at 4). Thus, absent any clear indication in the complaint that Defendants are being sued in their individual capacities, the Court

---

[3] In his motion to show cause, Plaintiff stated he seeks three million dollars in monetary damages (Court File No. 13).

9

must assume they are being sued in their official capacities. *Id.* at 772.

A claim against these Defendants in their official capacity is treated as being an action against the governmental entity. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). Because Defendants have been sued only in their official capacities as employees of Coffee County, the Court must proceed as if Plaintiff has in fact sued Coffee County. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Coffee County--caused the harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of Coffee County. Consequently, Defendants Sheriff Graves, Captain Freeman, and Nurse Bowen, are entitled to judgment as a matter of law.

Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(3) (Court File No. 8-2).

An appropriate judgment will enter.

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE